UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

ADAM A. DROBNEY and THERESA M. DROBNEY,

Debtors.

_____/

Case No. DK 17-05028
Chapter 13
Hon. Scott W. Dales

## MEMORANDUM OF DECISION & ORDER

PRESENT:   HONORABLE SCOTT W. DALES
Chief United States Bankruptcy Judge

The court held a confirmation hearing in this chapter 13 case on February 16, 2018, in Kalamazoo, Michigan.  Chapter 13 debtors Adam and Theresa Drobney (the "Debtors") and their trustee, Barbara P. Foley (the "Trustee"), appeared through counsel.  Although the Trustee recommended confirmation of the Debtors' plan (the "Plan," ECF No. 2), the court expressed doubts about service on their automobile lender, Advia Credit Union ("Advia").  Debtors' counsel agreed to re-serve the Plan on Advia, and the court agreed to adjourn the confirmation for that purpose.

At the adjourned confirmation hearing on March 20, 2018, after reviewing the proof of service that the Debtors' counsel filed in response to the concerns expressed during the earlier hearing, and despite the Trustee's renewed recommendation to confirm the Plan, the court again raised these same concerns about service.  In response, Debtors' counsel stated his belief that the renewed service, effected by his assistant and reflected in the Proof of Service filed on February 16, 2018 (ECF No. 17), was proper.  He assured the court that he would file a corrected proof of service reflecting appropriate service of the Plan on Advia.

Based on counsel's representation, as well as the Trustee's renewed recommendation and the court's own review of the Plan, the court announced its intention to confirm the Plan, conditioned on receipt of the corrected proof of service.

Promptly after the adjourned confirmation hearing, Debtors' counsel filed another Proof of Service (ECF No. 19) evidently to fulfill the court's service-related condition precedent to confirmation. However, this latest proof of service is also inadequate.

The court's concern about service of the Plan on Advia springs from the Plan's proposal to value Advia's collateral -- two motor vehicles -- pursuant to 11 U.S.C. § 506(a) in a process that bankruptcy lawyers and judges call "cram down." Under Rule 3012, as amended on December 1, 2017, a chapter 13 debtor may determine the amount of a creditor's secured claim in a plan (instead of filing a separate motion) as long as the plan is "served on the holder of the claim . . . in the manner provided for service of a summons and complaint by Rule 7004." *See* Fed. R. Bankr. P. 3012(b). This requirement of formal service is not surprising given the effect of a cram down on a secured creditor's property interest: a cram down sets the value of the creditor's collateral (usually below the value assigned by the creditor), and therefore determines the amount of its secured (and unsecured) claims under § 506(a), usually with adverse effects on the value of the creditor's lien and its dividend.

Thankfully, Rule 7004 authorizes service by ordinary first class mail in most cases, reducing expenses for cash-strapped debtors and others in an area of practice that requires frequent service of court papers, many times on the entire body of creditors. *See* Fed. R. Bankr. P. 7004(b) (authorizing service by mail in many instances). Though Rule 7004(b) generally authorizes service by mail, this authority is subject to an important exception for service on an "insured depository institution." *See* Fed. R. Bankr. P. 7004(h). Persons wishing to serve papers by mail

on an insured depository institution, with exceptions not applicable here, must use "certified mail addressed to an officer of the institution . . ." *Id.* Advia is an "insured depository institution" within the meaning of Rule 7004(h). *See* 11 U.S.C. § 101(34) (defining "insured credit union") & (35) (defining "insured depository institution" to include "insured credit union"); Fed. R. Bankr. P. 9001.

The Certificate of Notice filed by the Bankruptcy Noticing Center ("BNC") early in the case, which indicates that the Plan has been mailed to Advia, does not establish compliance with Rule 7004(h). Understandably, the BNC (i) did not send the Plan to Advia using certified mail, and (ii) did not address the envelope to an identified Advia officer. *See* Certificate of Notice (ECF No. 4). These are tasks for Debtors' counsel.

The second attempt at proving service, made in response to the court's express reference to Rule 7004(h), again shows only service on Advia by ordinary mail, addressed to an attorney in Southfield, Michigan, identified in the State Bar directory as Advia's "Staff Attorney & Manager of Recovery." *See* Proof of Service (ECF No. 17).[1] It is not clear whether this attorney is also an "officer" of Advia.

The third attempt at proving service, filed on March 21, 2017, shows service on the same attorney, this time by certified mail, but on the same day as the hearing, March 20, 2018. So, assuming that the attorney is an Advia officer, and that he was served by certified mail, the most recent proof of service shows that counsel's assistant served Advia *after* the adjourned hearing. This is not meaningful service of a plan that proposes to cram down secured claims. Fed. R. Bankr. P. 3012(b).

---

[1] Had this attorney appeared for Advia in the case, sending the Plan to him, by ordinary mail, would suffice. Fed. R. Bankr. P. 7004(h)(1).

More generally, given the importance of service in almost every aspect of bankruptcy practice, it behooves practitioners to pay close attention to these issues.  This means that counsel must closely supervise non-lawyer employees to whom the attorney has delegated this crucial function.  M.R.P.C. 5.3 (Responsibilities Regarding Nonlawyer Assistants). The court has frequently observed that the Bankruptcy Code and Rules can provide considerable relief to the financially distressed -- including cram down in many cases -- but relief almost always depends on proper service on those whose rights or property will be affected. Despite the several opportunities to establish appropriate service, Debtors' counsel has not done so, contrary to Rule 3012, Rule 7004(h), and the court's instructions.  The court, therefore, will deny confirmation without prejudice.

Finally, the adjournment of the original confirmation hearing and the repeated efforts at serving the Plan in accordance with the rules (and proving such service) have most likely increased the legal expenses of this proceeding.  To ensure that the increased costs are borne by those who are responsible for them, the court will not approve a "no-look" fee in this case, assuming the Debtors again seek confirmation of their Plan.  Counsel may seek compensation through an itemized application -- one that omits any fees or expenses associated with inadequate service of the Plan.

NOW, THEREFORE, IT IS HEREBY ORDERED that confirmation of the Plan (ECF No. 2) is DENIED without prejudice.

IT IS FURTHER ORDERED that if the Debtors move to confirm their Plan, the Plan shall first be amended to remove the "no-look" fees for their counsel, and the motion shall be filed within 28 days after entry of this Memorandum of Decision & Order.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision & Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Adam A. Drobney and Theresa M. Drobney, counsel for the Debtors, Barbara P. Foley, Esq., the United States Trustee, and all parties appearing on the Debtors' mailing matrix.

END OF ORDER

**IT IS SO ORDERED.**

**Dated March 26, 2018**



Scott W. Dales
United States Bankruptcy Judge